[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION TO REOPEN, REARGUE, CLARIFY AND CORRECT JUDGMENT (NO. 300)
The Plaintiff's Motion to Reopen, Reargue, Clarify and Correct Judgment (No. 300) is granted as follows:
1. Order No. 2 is modified to be as follows:
 "The court hereby adopts and incorporates by reference the parties' `Final Parenting Agreement', dated April 1, 1998 (Plaintiff's Exhibit 5), previously approved by and entered as an order of the court (Novack, J.) on April 1, 1998."
CT Page 15501
2. Order No. 5 is modified to be as follows:
 All accounts in the name of either party for the benefit of the minor child shall be placed in the name of the plaintiff for the benefit of said child. The plaintiff shall place the accounts or funds in an irrevocable trust or UGMA (Uniform Gifts to Minors Act) account for the benefit of the child. Any and all references to "accounts" or "funds" shall include stocks, bonds, other securities, securities accounts and all institutional accounts, including but not limited to savings, checking, UGMA (Uniform Gifts to Minors Act) and revocable trust accounts. Any tax returns to be filed on the behalf of the minor child shall be done by the plaintiff and the cost thereof shared equally between the parties. A copy of the same shall be provided to the defendant within 30 days of any filing."
3. Order No. 8 is modified to be as follows:
 "The defendant shall transfer to the plaintiff, by way of a quitclaim deed in usual form, all of his right, title and interest in and to the marital home at 548 North Street, in Greenwich, Connecticut and, from the date of said transfer, the plaintiff shall be solely and exclusively responsible for any obligations relating thereto. In the event said transfer does not occur within 30 days (Order No. 16, below), the plaintiff may petition the court for a judicial assignment or conveyance thereof pursuant to C.G.S. sec. 46b-81(a)."
4. Order No. 10 is modified to be as follows:
 "Plaintiff's Motion for Order Post-Judgment (No. 265) is granted as and in accordance with the parties' agreement set forth in No. 272; the disagreement set forth in No. 272, including the issue of any release of the Plaintiff's tax refund monies held in escrow, is referred to the court (Novack, J.); Plaintiff's Motion to Correct and Supplement Record (No. 267) is denied."
5. Order No. 11 is modified to be as follows:
 "The defendant shall transfer to the plaintiff, twenty-five (25) percent of all his right, title and interest in and to 75 Mystic Avenue Home Depot Shopping Center — I-93 Somerville Associates, L.P., and Bobrow Development Company. In the event said transfer does not occur within 30 days (Order No. 16, below), the plaintiff may petition for a judicial assignment or conveyance thereof pursuant to C.G.S. sec. 46b-81(a). The plaintiff shall have the immediate right and entitlement to said percentage share of income, distributions or other benefits, of whatever kind or nature, including but not limited to tax benefits, from the date of the memorandum of decision regardless of any other order or any delay in transfer, and for so long as she holds said interest. Notwithstanding said order of transfer, the defendant shall have the right to re-purchase said interest from the plaintiff, which right must be exercised, or it shall be forfeited, within 360 days of the date of the memorandum of decision, for the sum of $1.030 million, plus simple interest at a variable rate equal to the prime rate as published in the Wall Street Journal, in cash or its equivalent. The defendant must provide at least 90 days written notice to the plaintiff of the defendant's notice of his intention to exercise said right. The defendant shall retain all of his right, title and interest in and to the property or entity known as 19-27 Mystic Avenue or I-93 Burnham Associates, free of any demand or claim of the plaintiff."
SO ORDERED
KAVANEWSKY, J. CT Page 15502